IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN L. WOOD, *et al.*, | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION H-09-1390 |
| | § | |
| KATY INDEPENDENT SCHOOL DISTRICT, | § | |
| *et al.*, | § | |
| Defendants. | § | |

OPINION AND ORDER

"This action is in the nature of an appeal" of a Texas Education Agency ("TEA") Hearing Officer's decision under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*. (Docket Entry No.8, page 1). Pending are TEA's Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Docket Entry No.45) and the Katy Independent School District's ("Katy ISD") Motion for Summary Judgment (Docket Entry No.46) and Opposed Motion to Strike Plaintiffs' Demand for a Jury Trial. (Docket Entry No.57). For the reasons to follow, the Court will grant in part, and deny in part, TEA's Motion to Dismiss, deny Katy ISD's Motion for Summary Judgment, and grant Katy ISD's Opposed Motion to Strike Plaintiff's Demand for a Jury Trial.

I. MOTION TO DISMISS

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). A lawsuit must be dismissed for lack of subject-matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation

1

omitted). The party seeking to litigate in federal court bears the burden of establishing subject-matter jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of its entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). A plaintiff must allege sufficient facts to state a claim to relief that is "plausible" on its face. *Id.* at 569. A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). It is the court's responsibility to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success. *Id.* However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

Plaintiff's claims against the TEA are two-fold. First, plaintiff's contend that TEA failed to oversee the TEA Hearing Officer with respect to her compliance with IDEA requirements or alternatively, that the TEA has no particular expectations of its hearing officers with respect to the IDEA's requirements. (Docket Entry No.8, page 25). Second, Plaintiffs contend that TEA failed to oversee the Katy Independent School District ("Katy ISD") in any meaningful way as required by the IDEA. (*Id.*, page 24).

TEA moves to dismiss both claims on grounds that plaintiff failed to exhaust their administrative remedies as required by the IDEA, that the IDEA does not provide for a private cause of action against TEA with respect to plaintiff's claims, and that the TEA is entitled to sovereign immunity under the Eleventh Amendment. (Docket Entry No.45).

### A. Non-Exhaustion of Claims Related to Due Process Hearing

The IDEA provides that a parent may bring an administrative due process hearing challenging "any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education ("FAPE") to such child. 20 U.S.C. § 1415(b)(6). If a parent is dissatisfied with the educational agency's findings and decision, the parent may file a civil action in state or federal court. *Id*. § 1415(i)(2)(A). Before filing a complaint related to the aforementioned challenges, a plaintiff must exhaust his state administrative remedies. *Gardner v. Sch. Bd. Caddo Parish*, 958 F.2d 108, 111 (5th Cir. 1992). The complaint is "not a justiciable controversy until the plaintiff has exhausted his administrative remedies, or proved that exhaustion would be futile or inadequate." *Id*. at 112. A plaintiff bears the burden of proving that administrative review would be futile or inadequate. *Id*.

The IDEA's exhaustion requirement applies to a broad spectrum of claims. *See Sch. Bd. of Lee County, Fla. V. M.M. ex rel. M.M.*, 348 Fed. App'x 504, 511 (11th Cir. 2009);

3

*Maroni v. Pemi-Baker Reg'l Sch. Dist.*, 346 F.3d 247, 255 (1st Cir. 2003) ("procedural and substantive rights under the IDEA are inextricably intertwined"). However, section 1415(i)(2)(A) of the IDEA "limits a party's right of action under the IDEA to issues presented at the due process hearing." *Hooker v. Dallas Ind. Sch. Dist.*, Civil Action No.3:09-1289-D, 2010 WL 4025877 at *5 (N.D. Tex. Oct. 13, 2010) (citing to *Blackmon ex rel. Blackmon v. Springfield R-XII Sch. Dist.*, 198 F.3d 648, 655-56 (8th Cir. 1999)).

A plaintiff need not show that the parent exhausted administrative remedies if the parent "'can show that the agency's adoption of an unlawful general policy or practice would make resort to the agency futile, or that the administrative remedies afforded by subchapter II of IDEA are inadequate given the relief sought.'" *Rafferty v. Cranston Pub. Sch. Comm.*, 315 F.3d 21, 25 (1st Cir. 2002) (quoting *Weber v. Cranston Sch. Comm.*, 212 F.3d 41, 52 (1st Cir. 2000)); *accord Papania-Jones v. Dupree*, 275 Fed. App'x 301, 303 (5th Cir. 2008) (per curiam). The Fifth Circuit has recognized that exhaustion is futile where the plaintiff alleges a systematic violation, such as the widespread failure to implement IEPs, where the plaintiff challenges a settled state policy that the IDEA's administrative process could not address, and where the due process hearing officer is powerless to correct an alleged IDEA violation. *Papania-Jones*, 275 Fed. App'x at 303-04. Furthermore, whether exhaustion is required depends on the source or the nature of the alleged injury and not the specific remedy the plaintiff requested. *Robb v. Bethel Sch. Dist. #403*, 308 F.3d 1047, 1050 (9th Cir. 2002). If the plaintiff's injuries could be redressed to any degree through IDEA's exhaustion process, then exhaustion is required. *Id*. Even if IDEA's ability to remedy an alleged wrong is unclear, "exhaustion should be required to give educational agencies an initial opportunity to ascertain and alleviate the alleged problem." *Id. See Gardner*, 958 F.2d at 111-12.

The IDEA provides that "[a]ny State educational agency . . . that receives assistance under this part [20 USCS §§ 1411 et seq.] shall establish and maintain procedures in accordance with this section." 20 U.S.C. § 1415(a) (brackets in original). One of the procedures that TEA, as a state educational agency receiving federal funds, is required to establish and maintain is as follows, in pertinent part:

> Whenever a complaint has been received under subsection (b)(6) or (k) of this section, the parents involved in such complaint shall have an opportunity for impartial due process hearing, which shall be conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency.

20 U.S.C. § 1415(f).

In Count IV of their Amended complaint, Plaintiffs complain that TEA failed to oversee "the hearing officer and her procedures" and that such failure "led to delay, uncertainty, and bias in the hearing, which led to denial of Plaintiffs' IDEA due process rights." (Docket Entry No.8, page 36). Plaintiff's complaint against the TEA with respect to the conduct of the Hearing Officer and TEA's oversight of the Officer and the due process hearing is really a claim that TEA denied them an opportunity for an impartial due process hearing.[1] *Compare D.B. ex rel. C.B. v. Houston Indep. Sch. Dist.*, Civil Action No.H-06-0354 (S.D. Tex. Sept. 29, 2007) (dismissing claims against the TEA that Plaintiffs were denied an impartial due process hearing related to conduct of hearing officer).

---

[1] Plaintiffs allege that "from the time of Plaintiffs' initial hearing request, the administrative hearing process was fraught with hostility, delay, and bias by Ms. Carmichael [the hearing officer] in favor of the District." (Docket Entry No.8, pages 8-9). Plaintiffs contend the TEA Hearing Officer was not impartial in the conduct of the special education due process hearing and they enumerate specific acts in support of such contention, including allegations that the Hearing Officer struck the testimony of Plaintiffs' psychologist, restricted Plaintiffs' presentation of their case, and denied them the opportunity to cross-examine witnesses fully. (*Id.*, pages 28-30). They also challenge the findings of the Hearing Officer and complain that TEA participated in *ex parte* communications with the Katy ISD and/or its counsel. (*Id.,* pages 29-30, 37).

Plaintiffs, however, do not allege that they complained to the Hearing Officer or to the TEA at any time during the proceedings that the Hearing Officer was not impartial, that she refused to recuse, or that the procedures she employed during the due process proceedings were unfair or outside state law or evidentiary rules, or TEA rules at any time. By failing to raise such objections during the due process proceedings, Plaintiffs denied the Hearing Officer and TEA an opportunity to ascertain and alleviate any alleged problems with respect to due process hearing and the conduct of the Hearing Officer.

Plaintiffs, however, claim that exhaustion of remedies in this case would be futile or inadequate "given the apparent relationship between TEA and the District."[2] (Docket Entry No.53, page 10). The facts upon which Plaintiffs base the "apparent relationship" between the TEA and the Katy ISD are subject to interpretation and their conclusion of an "apparent relationship" is speculative at best. Plaintiffs do not allege facts supporting a systemic violation of the IDEA or challenge a settled state policy. Without more, Plaintiffs fail to meet their burden to show the futility or inadequacy of exhausting their claims against TEA regarding the due process hearing.

Accordingly, the Court will grant defendant TEA's motion to dismiss for lack of subject matter jurisdiction with respect to Plaintiffs' claims against the TEA for its failure to oversee the Hearing Officer and the due process hearing proceedings. (Docket Entry No.45).

---

[2] Plaintiffs allege that the Katy ISD's attorney communicated with a TEA staff attorney during the hearing process. (Docket Entry No.53, pages 5-7). Plaintiffs base the relationship on an email sent by the Katy ISD attorney complaining of an adverse ruling by the Hearing Officer. (*Id.*). Plaintiff contends that the tone of the email suggests that the Katy ISD attorney "expected the hearing officer to rule in the District's favor and that he and the District expected TEA to do something about it when she did not rule in the District's favor." (*Id.*).

### B. TEA Oversight of Katy ISD

"A central goal of the IDEA is to make sure that children with disabilities "receive a 'free appropriate public education . . . that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living.'" *Klein Indep. Sch. Dist. v. Hovem*, 745 F.Supp.2d 700, 705-06 (S.D. Tex. 2010) (quoting *Houston ISD v. V.P. ex rel. Juan P.*, 582 F.3d 576, 583 (5th Cir. 2009)). The TEA, as the State's educational agency, is responsible for assuring that the requirements of the IDEA are met and that all educational programs for disabled children administered by any other agency or local agency meet the educational standards of the TEA. 20 U.S.C. § 1412(a)(11)(A).

### 1. Provision of Services

Plaintiffs complain that TEA violated the IDEA by failing to fulfill its supervisory role with regard to Katy ISD's provision of services to Plaintiffs. Specifically, Plaintiffs claim that TEA failed to oversee Katy ISD in any meaningful way as required by the IDEA because the TEA failed to follow up on one of its directives to the Katy ISD to ensure that students are assessed in all areas of suspected disability and the TEA took no action regarding an allegedly illegal Katy ISD policy. (Docket Entries No.8, pages 22-24, 35-37; No.53, page 5).

Plaintiffs allege that after investigating a complaint in 2005 from a parent of a student with dyslexia, TEA ordered the Katy ISD to address the discrepancies noted with its failure to evaluate and to review policies pertaining to evaluating students with a suspected need and to conduct staff development training. (Docket Entry No.8, page 22). Plaintiffs contend that TEA stated that "it will ensure the implementation of any corrective actions required of the [Katy

ISD]." (*Id.*). Plaintiffs allege that in 2006, the Katy ISD submitted a response to the TEA report, which included a staff development plan. In reply, TEA ordered the Katy ISD to produce final documentation of staff development training no later than October 20, 2007. (*Id.*, page 23). Plaintiffs allege that as of December 2007, no further action was taken or required of the Katy ISD with respect to the deficiencies TEA noted in its 2005 investigative report and 2006 directive pertaining to comprehensive evaluations of students. (*Id.*). Based on the foregoing factual allegations, Plaintiffs claim that "TEA's failure to exercise proper oversight of the District contributed directly to the District's failure to evaluate Rob for, and to provide him services to remediate[] dyslexia and thus contributed to the District's failure to provide Rob a free, appropriate public education as required by the IDEA."[3] (Docket Entry No.8, page 36).

TEA is responsible for administering funds on the state level and implementing policies and procedures to ensure that each local educational agency expends funds in a manner consistent with the purpose and substantive provisions of the IDEA. 20 U.S.C. §§ 1411–1413. A state educational agency may be held liable for failure to provide a FAPE under IDEA. *See St. Tammany Parish Sch. Bd. v. La.*, 142 F.3d 776, 783–84 (5th Cir. 1998).

Plaintiffs alleged in the due process hearing that the Katy ISD did not deliver a FAPE to Rob in 2006-2007 "due to an improperly developed and implemented IEP for [Rob] that did not address all aspects of his [learning disability]." (Docket Entry No.8-1, page 19). As the agency with primary responsibility to carry out the implementation of the IDEA in Texas, the

---

[3] Plaintiffs clarify their claim against TEA, as follows, in pertinent part:

> Plaintiffs do not assert that the TEA failed to evaluate Rob or to provide him with a free, appropriate public education. Plaintiffs' allege that TEA's failure to ensure that Rob was evaluated and provided an appropriate education that addressed his reading disability by virtue of its oversight responsibilities directly violated the IDEA and related to the District's violations of the IDEA.

(Docket Entry No.53, page 9).

TEA may share some liability for the Katy ISD's alleged failure to evaluate Rob. *See Tex. Advocates Supporting Kids with Disabilities v. Tex. Educ. Agency*, 112 S.W.3d 234, 238 (Tex. App.—Austin 2003, no pet. h.) (stating that the TEA is the agency with primary responsibility to carry out the implementation of the IDEA in Texas); *Robert T. V. Iowa Dep't of Educ.*, 258 F.3d 860, 865 (8th Cir. 2001) (rejecting the theory that a state agency may be held liable under a *respondeat superior* theory, but imposing liability on the state agency due to its participation in the suit and role as the agency responsible for implementation of the IDEA); *T.B. v. Bryan Indep. Sch. Dist.*, Civil Action No.H-07-00168, 2007 WL 922215 at *3 (S.D. Tex. Mar. 22, 2007). Given TEA's statutory role and Plaintiffs' complaints regarding Katy ISD's failure to address all aspects of Rob's learning disabilities, the Court finds that Plaintiffs have sufficiently stated a claim against TEA regarding its obligations under the IDEA to ensure that the Katy ISD provide Rob with a FAPE by identifying and testing Rob for specific disabilities.

Plaintiffs raise claims against the TEA under the IDEA and not 42 U.S.C. § 1983; therefore, the Court does not address TEA's claim that it is entitled to sovereign immunity under the Eleventh Amendment for claims raised under § 1983.[4] (Docket Entry No.55).

Accordingly, the Court will deny defendant TEA's Motion to Dismiss on that ground.

---

[4] Congress made specific provision within the IDEA to condition "a state's receipt of federal IDEA funds on its consent to suit under that Act." *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 280 (5th Cir. 2005). The IDEA states, in pertinent part, that "[a] State shall not be immune under the eleventh amendment to the Constitution of the United States from suit in Federal court for a violation of this chapter." 20 U.S.C. § 1403(a). In light of this provision, the State knowingly waived its Eleventh Amendment immunity to actions under the IDEA when it accepted federal funds. *Pace*, 403 F.3d at 287; *see also El Paso Indep. Sch. Dist. v. Richard R.*, 567 F.Supp.2d 918, 935 (W.D. Tex. 2008).

2. Action on Illegal Policy/Practice

Plaintiff complains that the SCORE (Student-Centered Options for Reaching Excellence): A Procedure Manual for the Katy Independent School District's Intervention and Referral Process" violates the IDEA because it results in District personnel making decisions as to whether to refer a student without parental involvement. (Docket Entry No.8, page 24). Plaintiff contends that TEA had evidence of this procedure, which Katy ISD supplied, but has not required any changes to this structure. (*Id.*).

Plaintiffs also complain that the Katy ISD did not comply with the SCORE manual by administering to Rob the six tests required by SCORE to determine whether he was dyslexic. (*Id.*, page 24). Plaintiffs note that at the May 21, 2007, ARD meeting, well after the Katy ISD was cited by TEA for failing to adequately test for dyslexia, the District's evaluator stated she did not test Rob for dyslexia. (*Id.*). Plaintiffs claim that had TEA overseen the Katy ISD in any meaningful way, as required by the IDEA, it would have discovered that the Katy ISD did not follow its own procedures, or that it did not do so with respect to Rob, even after TEA ordered it to do so. (*Id.*).

This Court, however, dismissed Plaintiffs' claim regarding the Katy ISD's SCORE policy in its Opinion and Order of September 27, 2010, because Plaintiffs disavowed that they "brought a specific cause of action pertaining to the District's SCORE policy,"[5] and because Plaintiffs did not raise a claim with respect to the policy at the due process hearing and

---

[5] Plaintiffs indicated in their Response in Opposition to Katy ISD's Motion to Dismiss that their complaint alleged that during the course of the administrative hearing they learned that the SCORE policy contributed to Katy ISD's failure to evaluate Rob for dyslexia. (Docket Entry No.29, page 5). They also indicated that their amended complaint alleged that Katy ISD failed to locate and evaluate Rob for dyslexia and/or dysgraphia based on information that they learned during the course of the administrative hearing. (*Id.*). Such information was the SCORE manual produced by TEA in response to a public information request, which Plaintiffs contended "is evidence that relates to the District's failure to evaluate Rob and to identify him as a student with dyslexia." (Docket Entry No.43, page 7).

therefore, did not exhaust such claim. (Docket Entry No.43). Without a determination that the SCORE policy is illegal or that the Katy ISD failed to comply with the SCORE policy, Plaintiffs fail to state a plausible claim that TEA violated its oversight role by taking no action with respect to this policy. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Accordingly, TEA's Motion to Dismiss will be granted with respect to this ground.

## II. MOTION FOR SUMMARY JUDGMENT

The Katy ISD moves for summary judgment on Counts I, II, III, and XII of the Plaintiffs' Amended Complaint, which are claims under the Texas Dyslexia Act and the IDEA. (Docket Entry No.46). These claims are the only remaining claims against the Katy ISD.

When addressing a summary judgment under the IDEA appealing a hearing officer's decision, the court reviews the administrative record of the due process hearing and examines new evidence at the request of any party. *HISD v. V.P. ex rel. Juan P.*, 582 F.3d 576 (5th Cir. 2009). "When no new evidence is presented to the district court in an IDEA suit, . . . 'the motion for summary judgment is simply the procedural vehicle for asking [the judge] to decide the case on the basis of the administrative record.'" *Klein Indep. Sch. Dist. v. Hovem*, 745 F.Supp.2d 700, 704 (S.D. Tex. 2010) (quoting *El Paso ISD v. Richard R.*, 567 F.Supp.2d 918, 927 (W.D.Tex. 2008)); *see also Capistrano Unified Sch. Dist. v. Wartenberg*, 59 F.3d 884, 892 (9th Cir. 1995) ("Though the parties [in an IDEA action] may call the procedure 'a motion for summary judgment' . . . the procedure is in substance an appeal from an administrative determination, not a summary judgment"). "Thus even though it is termed 'summary judgment,' the district court's decision is based on the preponderance of the evidence." *Loch v. Edwardsville Sch. Dist. No.7*, 327 Fed. App'x 647, 650 (7th Cir. 2009). Therefore the existence of a disputed issue of material fact will not defeat such a motion for summary judgment. *See* 20

U.S.C. § 1415(i)(2)(C).  The parties here have not submitted any new evidence, so this Court's review of the Hearing Officer's decision will therefore be based on the administrative record.

The Court, however, has not received the hearing record because Plaintiffs have not requested the same from the TEA.  (Docket Entries No.46-1, No.46-2, No.46-3).  The Katy ISD, therefore, moves for summary judgment because Plaintiffs cannot provide sufficient evidence to support their IDEA appeal and for failure to prosecute the IDEA appeal.  (Docket Entry No.46, pages 9-16).  Alternatively, the Katy ISD moves for summary judgment on grounds that the Hearing Officer's decision at the administrative hearing was correct.  (*Id.*, page 16).

The IDEA provides that in any action brought under paragraph (2) "Right to bring civil action," the court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate."  20 U.S.C. § 1415 (i)(2)(C).  Although the IDEA does not indicate who bears the burden of producing the record to the Court, case law holds that the party seeking relief under the IDEA bears the burden of proof.  *Schaffer v. West*, 546 U.S. 49, 57-62 (2005); *Richardson v. Indep. Sch. Dist. v. Michael Z.*, 580 F.3d 286, 292 n.4 (5th Cir. 2009) (noting that at the district court level and the administrative level, the party challenging the IEP bears the burden of showing that the IEP and the resulting placement are inappropriate under the IDEA).

Plaintiffs indicate that they submitted only a partial record, because the Court did not order Plaintiffs to produce the record, the record is too long and duplicative, and "[n]othing prohibits the parties' agreeing to narrow the administrative record in a collaborative fashion." (Docket Entry No.51, pages 3-4).  Plaintiffs indicate that they did not disclose any expert or submit an expert's report because they do not believe that expert testimony is needed.  (*Id*., page

12

6). Plaintiffs also indicate that they have conducted additional discovery but choose not to submit the evidence to the Court because they intend to present such evidence at a trial on the merits. (*Id.*, pages 5, 10).

Plaintiffs are represented by retained counsel and are bound by the acts of such counsel, who did not request or produce the agency record to this Court and whose excuses for her failure to do so are disingenuous. However, dismissal with prejudice for want of prosecution is an extreme sanction in that it deprives a litigant of the opportunity to pursue his claims. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). In the interest of justice, and because the Court cannot address the merits of the appeal without a complete record, the Court will allow plaintiffs to supplement the record with a <u>complete, certified copy of TEA's administrative record.</u> No other evidence shall be filed in this case. Katy ISD's Motion for Summary Judgment will be denied without prejudice.

Plaintiffs' request for a jury trial is premature; therefore, the Court will grant Katy ISD's Opposed Motion to Strike Plaintiff's Demand for a Jury Trial. (Docket Entry No.57).

## III. CONCLUSION

Based on the foregoing, the Court ENTERS the following ORDERS:

1. The Texas Education Agency's Motion to Dismiss (Docket Entry No.45) is GRANTED, in part, and DENIED, in part. The Motion to Dismiss is GRANTED with respect to all of Plaintiffs' claims against the TEA, except for Plaintiffs' claim that the TEA failed to enforce a TEA directive as discussed in section I.B.1. of this Opinion and Order. TEA's Motion to Dismiss the complaint on this ground is DENIED.

2. The Katy Independent School District's Motion for Summary Judgment (Docket Entry No.46) is DENIED WITHOUT PREJUDICE.

3. Plaintiffs John L. Wood, Rene Wood, and Robert Wood are ORDERED to file <u>within thirty (30) days of entry of this Opinion and Order</u> a certified copy of the complete administrative record of the due process hearing.  No other evidence shall be filed in this case.  <u>Plaintiffs are further cautioned that if they fail to comply as ordered, this case may be dismissed for want of prosecution</u>.

4. The parties shall file dispositive motions no later than thirty (30) days from the date the record of the due process hearing is filed in this Court.  The parties shall file a response to any dispositive motion within thirty (30) days of receipt of such dispositive motion as indicated on the certificate of service.

5. The Court's deadlines are firm as this case has been pending for more than two years.

6. The Katy Independent School District's Opposed Motion to Strike Plaintiff's Demand for a Jury Trial (Docket Entry No.57) is GRANTED.

The Clerk will provide a copy of this Opinion and Order by facsimile transmission, regular mail, or e-mail to the parties.

SIGNED at Houston, Texas, this 20th day of September, 2011.

                                                MELINDA HARMON
                                          UNITED STATES DISTRICT JUDGE